IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SAMUEL T. ROSS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CLERK OF COURTS OF THE COURT | : | |
| OF COMMON PLEAS OF | : | |
| PHILADELPHIA, PENNSYLVANIA, | | |
| et al., | : | NO. 17-5012 |
| Defendants. | | |

MEMORANDUM

SÁNCHEZ, J.                                                              NOVEMBER 15, 2017

Samuel T. Ross, a state prisoner currently incarcerated at SCI Somerset, brings this civil action pursuant to 42 U.S.C. § 1983 against the Clerk of Courts of the Court of Common Pleas of Philadelphia and Prothonotaries D. Jugle and C. Forte. In his Complaint, Ross contends that the defendants violated his right to access the courts under the First and Fourteenth Amendments by failing to timely file a motion that Ross submitted in a medical malpractice suit that he filed on behalf of his deceased father. For the following reasons, the Court will grant Ross leave to proceed *in forma pauperis* but will dismiss his Complaint.

I.   FACTS

Ross's father, Samuel E. Jones, passed away "from [a]dvanced lung cancer on June 12, 2013." (Compl. ¶ 8.) On May 13, 2015, Ross filed a medical malpractice complaint, seeking damages under Pennsylvania's Wrongful Death Act and Survival Act, in the Court of Common Pleas for Philadelphia. (*Id.*); *see Ross v. Univ. of Pa. Health System*, No. 150501225 (Phila. Ct. Common Pleas). Ross alleged that the University of Pennsylvania Health System, Dr. Katherine

1

Fleming-Cohen, and Dr. Kashyap Panganamamula "neglected to diagnose his father for lung cancer over a course of two years, to which upon seeking a second opinion, Temple University Hospital immediately diagnosed his father for advanced lung cancer." (Compl. ¶ 9.)

On July 7, 2015, counsel for the defendants in Ross's medical malpractice suit filed a Notice of Intent to Enter Judgment of Non Pros for Failure to File Certificate of Merit. (*Id.* ¶ 10); *see Ross v. Univ. of Pa. Health System*, No. 150501225 (Phila. Ct. Common Pleas). Ross contends that under Rule 1042.3(d) of the Pennsylvania Rules of Civil Procedure, he had until August 6, 2015 to file a motion to extend the time for filing a certificate of merit. (Compl. ¶ 11.) On July 11, 2015, Ross placed in the prison mailbox for mailing to the Court of Common Pleas a Motion to Extend the Time to File a Certificate of Merit. (*Id.* ¶ 12.) He contends that this motion was timely filed pursuant to the prison mailbox rule. (*Id.* ¶¶ 13-14.)

According to Ross, upon receipt of his motion, the Clerk of Court "mailed the motion back to [him] with an attached sticky note informing him that he had to submit the motion to the Civil Division." (*Id.* ¶ 15.) Ross contends that this action was contrary to 42 Pa. Cons. Stat. Ann. § 5103(c), which provides that matters filed in the wrong division should be transferred to the proper division and treated as if originally filed in the transferee division. (*Id.* ¶¶ 16-17.) On July 20, 2015, Ross "re-deposited the Motion to Extend in the prison mailbox" for mailing to the Office of Judicial Records. (*Id.* ¶ 18.)

On July 23, 2015, D. Jugle received the Motion to Extend, "but mailed the motion back to . . . Ross for a cover sheet to be completed and returned." (*Id.* ¶ 19.) According to Ross, Philadelphia Civil Rule 205.2(b) provides that if a civil cover sheet is not attached to a document as required, the Office of Judicial Records must accept the document for filing, provided, however, that the file-stamped copy is returned to the party for service and that a civil cover

2

sheet is submitted within twenty (20) days. (*Id.* ¶ 20.) Ross contends that, contrary to that rule, D. Jugle "did not accept [the] Motion to Extend for filing and did not file-stamp the motion on the day it was stamped-received on July 23, 2015." (*Id.* ¶ 21.)

Ross "re-deposited the Motion to Extend along with a completed cover sheet in the prison mailbox on August 03, 2015," for mailing to the Office of Judicial Records." (*Id.* ¶ 22.) C. Forte received the motion on August 6, 2015, but did not file it when received "and held it until August 11, 2015." (*Id.* ¶ 23.) On August 7, 2015, the Court of Common Pleas entered a judgment of non pros in favor of the defendants. (*Id.* ¶ 25); *see Ross v. Univ. of Pa. Health System*, No. 150501225 (Phila. Ct. Common Pleas).

On November 20, 2015, Ross "learned via a copy of his docket sheet that the Prothonotary C. Forte did actually enter Judgment of Non Pros against him." (Compl. ¶ 26.) Ross unsuccessfully moved to reopen the judgment. (*Id.*); *see Ross v. Univ. of Pa. Health System*, No. 150501225 (Phila. Ct. Common Pleas). On August 25, 2017, the Superior Court of Pennsylvania affirmed the Court of Common Pleas' judgment. *See Ross v. Univ. of Pa. Health System*, No. 1238 EDA 2016 (Pa. Super. Ct.). Ross filed a petition for allowance of appeal to the Supreme Court of Pennsylvania on September 25, 2017. *See Ross v. Univ. of Pa. Health System*, No. 438 EAL 2017 (Pa.). His petition is still pending before the Supreme Court of Pennsylvania. *See id.*

## II. STANDARD OF REVIEW

The Court will grant Ross leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees required to commence this action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a

---

[1] However, as Ross is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Ross is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). As noted above, Ross contends that the defendants violated his right to access the courts by not docketing his motion for an extension of time to file a certificate of merit in a timely manner. He alleges that because of their actions, he lost the ability to pursue his medical malpractice suit on behalf of his deceased father. In order to state an access to the courts claim, Ross

> must show (1) that [he] suffered an "actual injury"—that [he] lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that [he] has no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy."

*Monroe*, 536 F.3d at 205-06 (second internal citation omitted). With respect to the lost remedy, a prisoner must show how his claims "may no longer be pursued as a result of defendant's actions." *Id.* at 206 n.9.

4

Here, Ross has not shown that he has suffered an actual injury to his medical malpractice suit because he cannot demonstrate that he has no other remedy other than this present suit. *See id.* at 205-06. As noted above, Ross's petition for allowance of appeal is still pending before the Supreme Court of Pennsylvania. *See Ross v. Univ. of Pa. Health System*, No. 438 EAL 2017 (Pa.).) Thus, Ross has the opportunity to present his arguments for why his medical malpractice suit should be reopened to that court. *See Fraihat v. Cohen*, No. 06cv1452JM(BLM), 2008 WL 26900430, at *3 (S.D. Cal. July 2, 2008) (denying claim for denial of access to the courts because plaintiff had no shown actual injury because he was continuing to pursue a remedy by prosecuting an appeal of a denial of a motion to reopen); *see also Wells v. Miller*, 652 F. App'x 874, 875 (11th Cir. 2016) (affirming dismissal of access to the courts claim because plaintiff did not show the absence of an adequate remedy at law because plaintiff admitted he could have sought appellate review); *Frazier v. City of Phila.*, No. 17-3741, 2017 WL 3749777, at *2 (E.D. Pa. Aug. 29, 2017) (dismissing complaint raising access to the courts claim because plaintiff could have filed a motion to reopen the time to appeal pursuant to Rule 4(a)(6) of the Federal Rules of Civil Procedure). Accordingly, Ross's access to the courts claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ross's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ross will not be provided leave to file an amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.